UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| **YVONNE L. DAVIS,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CASE NO.: 1:24-cv-01918 |
| | ) |
| **MARION COUNTY SUPERIOR** | ) |
| **COURT JUVENILE DETENTION** | ) |
| **CENTER and PAIGE BOVA KERVAN,** | ) |
| | ) |
| Defendants. | ) |

**COMPLAINT FOR DAMAGES AND REQUEST FOR JURY TRIAL**

Plaintiff, Yvonne L. Davis (hereinafter "Davis"), by counsel, files her Complaint for Damages and Request for Jury Trial against Defendant, Marion County Superior Court Juvenile Detention Center (hereinafter "JDC") for violation of her rights under Title VII of the Civil Rights Act of 1964.

Davis also sues Paige Bova Kervan (hereinafter "Kervan") pursuant to 42 U.S.C. §1983 in her individual capacity for violation of her right to redress and access to the courts under the First Amendment of the United States Constitution.

**JURISDICTION AND VENUE**

1. The Court has jurisdiction under 28 U.S.C. § 1331 to try the case and has personal jurisdiction over the parties because it involves a question of federal law.

2. The JDC is a governmental employing entity of the Marion County Superior Court of the Marion County Judicial Circuit located in Indianapolis, IN.

1

3. All actions which form the basis of Plaintiff's claims originated in Marion County, Indiana.

4. On October 3, 2023, Davis filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission, Charge No. 470-2024-00044, alleging sex discrimination under Title VII of the Civil Rights Act of 1964.

5. On August 16, 2024, Davis received the EEOC's Notice of Dismissal and Right to Sue, dated August 15, 2024.

6. Davis timely files her Title VII suit within ninety days of receiving the EEOC's Notice of Right to Sue.

## PARTIES

7. At all relevant times to this action Plaintiff, Davis, was a U.S. citizen and resident of Marion County, Indiana.

8. At all relevant times to this action, Defendant, the JDC, conducted its operations in Marion County, Indiana.

9. At all relevant times, Defendant, Kervan, worked for the JDC and resided in Marion County, Indiana.

## SUPPORTING FACTS

10. Davis incorporates paragraphs 1 through 9 above as if stated herein.

11. Davis is an African American woman.

12. Davis was employed at the JDC from September 2000 to September 2022, with a four-month break in service in the middle of her employment.

13. Mary Dozier (hereinafter "Dozier") was the Superintendent of the JDC during the relevant time period.

14. Kervan was the Chief Operating Officer of the JDC during the relevant time period.

15. Kervan was Dozier's boss.

16. On or about September 26, 2022, Dozier and Kervan fired Davis for alleged non-specific "untrustworthiness."

17. On February 1, 2023, Davis filed suit in federal district court for the Southern District of Indiana, Indianapolis Division, alleging, among other things, First Amendment Retaliation and violation of her Fourteenth Amendment liberty interest due process rights.

18. Davis named Kervan as one of the individual defendants in her suit.

19. Defendants filed their Amended Answer to Davis's first lawsuit on May 3, 2023.

20. In or around 2015, the then Superintendent, Asante Doyle, terminated Alex Murdock (hereinafter "Murdock"), an African American male, from his employment at the JDC for insubordination and immoral, unprofessional, or disruptive behavior while on duty.

21. Mr. Doyle subsequently resigned and Dozier replaced him as Superintendent.

22. Sometime in late 2021 or early 2022, Dozier reached out to Murdock and invited him to reapply for a job at the JDC.

23. Dozier informed Davis that she wanted to hire Murdock back.

24. Davis reminded Dozier that Murdock had been fired for cause by Mr. Doyle, the previous Superintendent.

25. Dozier and Kervan rehired Murdock in the spring of 2022.

26. Murdock resigned his employment in or around February or March 2023.

27. In July 2023, Davis saw a vacancy announcement for her old position of Director of Staff and Youth Services (hereinafter "DSYS").

28. On July 31, 2023, Davis submitted her application for rehire at the JDC for the very position from which she was terminated, DSYS.

29. The vacancy was created by the departure of Murdock, the incumbent DSYS.

30. Kelvin Burrell (hereinafter "Burrell"), Assistant Superintendent of the JDC, received Davis's application.

31. Upon receiving Davis's application, Burrell asked Kervan if Davis was rehireable.

32. Kervan told Burrell "no," Davis was not rehireable.

33. Instead, in August 2023, Kervan authorized the promotion of Godwin King (hereinafter "King"), an African American male, for the DSYS position.

34. Kervan had previously authorized the hiring of King with the knowledge that King had a recent record of a criminal conviction for embezzlement of approximately $15,000 from an in-home resident at one of his prior places of employment.

35. Kervan subsequently learned that King had also lied on his job application, claiming that he had a four-year college degree from Indiana Wesleyan, which he did not have.

36. Kervan learned that King had no such degree but took no disciplinary action against King and has allowed him to retain his position at JDC.

## COUNT I.

### Title VII (Sex Discrimination)

37. Davis incorporates paragraphs 1 through 36 above as if fully stated herein.

38. The JDC, through the decisions of Kervan, discriminated against Davis because of her sex, female, by refusing to rehire her even though she was better qualified for the DSYS position than King.

39. The JDC had rehired Murdock, a male, who had also been terminated for cause, but refused to rehire Davis, even though she was alleged to have committed a less serious offense of being "untrustworthy."

40. No valid specific reason was ever given for deeming Davis as "untrustworthy."

41. The JDC treated King, who had a serious criminal record and had lied on his Resume, more favorably than Davis when it deemed Davis not rehireable, but promoted King to the position of DSYS.

42. The JDC violated Title VII of the Civil Rights Act of 1964 by discriminating against Davis based on her sex, female, in rehiring Murdock but not rehiring Davis even though both had previously been involuntarily terminated.

43. The JDC also discriminated against Davis based on her sex, female, by promoting King who had a criminal conviction, had lied on his Resume, and had no previous experience in the DSYS position.

44. Davis suffered damages as a result of the JDC's violation of her rights under Title VII of the Civil Rights Act of 1964.

## COUNT II.
### § 1983, First Amendment Retaliation.

45. Davis incorporates by reference paragraphs 1 through 36 above as if fully stated herein.

46. Davis engaged in First Amendment protected activity by filing a lawsuit in federal court in February 2023.

47. Kervan was aware Davis had filed suit in federal court because Kervan was a named Defendant in Davis's lawsuit and was served with the lawsuit.

48. In or around August 2023, Kervan, under color of state law, retaliated against Davis for having exercised her First Amendment right to redress and access the courts by refusing to rehire her for the DSYS job she had previously held.

49. Davis suffered damages resulting from Kervan's First Amendment retaliation.

## **REQUESTED RELIEF**

**WHEREFORE,** Plaintiff requests judgment in her favor against Defendants and that the following be awarded:

a. Damages, including back pay with interest, front pay, and compensatory damages resulting from Defendant's violation of Davis's Title VII rights;

b. Damages, including back pay with interest, front pay, compensatory damages, and punitive damages resulting from Kervan's First Amendment retaliation;

c. Reasonable attorneys fees and costs;

d. Injunctive relief in the form of job reinstatement and restoration of all employment related benefits with no loss of seniority;

e. Any other such relief as the court may deem just, proper, and equitable; and,

f. Any relief as the Court deems necessary and proper in the public interest.

## **DEMAND FOR JURY TRIAL**

Plaintiff demands trial by jury on all issues and questions for triable.

Respectfully submitted,

*/s/ Tae Sture*
Tae Sture, Attorney No. 25120-29
Sture Legal Services, LLC
155 East Market Street, Suite 501
Indianapolis, IN 46204
Ph: (317) 577-9090
Fax: (317) 577-1102
Email: tae@sturelaw.com