UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| YVONNE L DAVIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 1:24-cv-01918-JRS-MJD |
| | ) |
| MARION COUNTY SUPERIOR COURT | ) |
| JUVENILE DETENTION CENTER, et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER**

This matter is before the Court on Defendants' Unopposed Motion to Extend Discovery and Dispositive Motion Deadlines. [Dkt. 69.] The Court, being duly advised, hereby **DENIES** the motion.

Defendants seek a sixty-day enlargement of the liability discovery and dispositive motions deadlines. Defendants contend that Plaintiff's delay in fully responding to their May 9, 2025, written discovery is the cause of their current conundrum. [*Id.* at 2.] That simple explanation ignores several salient facts that are relevant to the instant motion.

First, discovery in this matter opened on January 2, 2025. [Dkts. 16, 19, & 20.] Defendants did not serve any discovery in this case until May 9, 2025—**127 days after discovery opened** and only 116 days before liability discovery was scheduled to close. [Dkts. 33, 40, 41, 45.] While there was certainly a delay in obtaining complete discovery responses

from Plaintiff, the primary reason for Defendants' current situation is Defendants' unreasonable delay in serving their discovery in the first place.

Plaintiff responded to Defendants' discovery requests on June 9, 2025. [Dkt. 59 at 2.] The parties failed to timely submit their next discovery report, which was due July 7, 2025, and Defendants failed to raise their issues with Plaintiff's responses with the Court until a status conference on July 9, 2025. The Court then scheduled and conducted a discovery conference, ordered briefing on Defendants' motion to compel, and then ruled on that motion to compel, all within 28 days. That could have been accomplished sooner if Defendants had not waited a month to first bring their discovery dispute to the Court's attention.

As noted by Judge Evans in *Spears v. City of Indianapolis*, 74 F.3d 153, 157 (7th Cir. 1996):

> We live in a world of deadlines. If we're late for the start of the game or the movie, or late for the departure of the plane or the train, things go forward without us. The practice of law is no exception. A good judge sets deadlines, and the judge has a right to assume that deadlines will be honored. The flow of cases through a busy district court is aided, not hindered, by adherence to deadlines.

*See also United States v. Golden Elevator, Inc.,* 27 F.3d 301, 302 (7th Cir. 1994) ("Ignoring deadlines is the surest way to lose a case. Time limits coordinate and expedite a complex process; they pervade the legal system, starting with the statute of limitations. Extended disregard of time limits (even the non-jurisdictional kind) is ruinous."); *Northwestern National Insurance Co. v. Baltes,* 15 F.3d 660, 663 (7th Cir. 1994) ("Lawyers and litigants who decide that they will play by rules of their own invention will find that the game cannot be won.").

In *Finwall v. City of Chicago*, 239 F.R.D. 494 (N.D. Ill. 2006), Magistrate Judge Cole excluded Plaintiff's experts for Plaintiff's failure to identify those experts and provide the

required reports on or before the expert disclosure deadline. In so doing, the court noted as follows:

> Under the Federal Rules of Civil Procedure, it is the court's prerogative—indeed, its duty—to manage its caseload and enforce deadlines. *Reales v. Consolidated Rail Corp.,* 84 F.3d 993, 996 (7th Cir. 1996). It is not the right of a party who chooses not to comply with those deadlines to be able to restructure them at will. Nor is it the prerogative of the violator to require his victim to accept his largesse in the form of allowing discovery to proceed after the deadline set for the close of discovery by the court.

*Id.* at 500-01. The district judge overruled Plaintiff's objections to Magistrate Judge Cole's order, holding that Magistrate Judge Cole's order was not clearly erroneous or contrary to law,[1] which is the applicable standard for overruling the decision of a magistrate judge on a non-dispositive order. *Finwall v. City of Chicago,* 239 F.R.D. 504, 506 (N.D. Ill. 2006); Fed. R. Civ. P. 72(a).

This Court's workload dictates that every effort must be made to ensure the speedy and efficient administration of justice.[2] The Court must establish deadlines and counsel must meet those deadlines for the Court to have any ability to function. The instant situation is the result of counsel's failure to adequately plan their discovery schedule so as to enable them to complete the work needed in the time allowed, as nothing was shown to suggest that the 243-day window for liability discovery was insufficient to allow Defendants to conduct the discovery they needed. As a result, good cause does not exist to support the enlargement requested, and Defendants' motion, [Dkt. 69], accordingly is **DENIED**.

---

[1] The Seventh Circuit has articulated that a decision is clearly erroneous only if it strikes the court as "wrong with the force of a five-week-old, unrefrigerated, dead fish." *Parts & Elec. Motors, Inc. v. Sterling Elec, Inc.*, 866 F.2d 228, 233 (7th Cir. 1988).

[2] In the 12-month period ending March 31, 2025, the pending cases per judgeship in the Southern District of Indiana stood at 2147, first in the Seventh Circuit and third in the nation. *See* https://www.uscourts.gov/data-news/data-tables/2025/03/31/federal-court-management-statistics/n-a-1.

However, because the current trial date will allow a shorter enlargement of the current deadlines, the Court *sua sponte* hereby amends the approved Case Management Plan [Dkt. 23] as follows:

**IV. Discovery and Dispositive Motions**

A. On or before **October 14, 2025**, and consistent with the certification provisions of Fed. R. Civ. P. 11(b), the party with the burden of proof shall file a statement of the claims or defenses it intends to prove at trial, stating specifically the legal theories upon which the claims or defenses are based. A party's failure to file a timely statement of claims or defenses may result in the waiver of the party's claims or defenses. A party's failure to include in the party's statement of claims or defenses a claim or defense upon which the filing party has the burden of proof may result in the waiver of the omitted claim or defense.

B. Non-expert witness discovery and discovery relating to liability issues shall be completed by **October 10, 2025**; all remaining discovery shall be completed by **February 13, 2026**.

C. Defendants shall file any dispositive motion on or before **November 3, 2025**; Plaintiff shall respond to Defendants' dispositive motion, and shall include any cross-dispositive motion, on or before **December 1, 2025**; Defendants shall respond to Plaintiff's cross-dispositive motion, and shall include any reply in support of Defendants' dispositive motion, on or before **December 29, 2025**; Plaintiff shall file any reply in support of her cross-dispositive motion on or before **January 12, 2026**. If Plaintiff does not file a cross-dispositive motion, Defendants shall file any reply in support of their dispositive motion on or before **December 17, 2025**.

All other requirements of the approved Case Management Plan, [Dkt. 23], remain in effect. **No further enlargement of the case deadlines will be granted**.

SO ORDERED.

Dated: 2 SEP 2025

_____
Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Service will be made electronically
on all ECF-registered counsel of record
via email generated by the Court's ECF system.