UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| YVONNE L DAVIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:24-cv-01918-JRS-MJD |
| | ) | |
| MARION COUNTY SUPERIOR COURT | ) | |
| JUVENILE DETENTION CENTER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

This matter is before the Court on Plaintiff's Motion for Leave to Conduct Limited

Additional Written Discovery and Subsequent Oral Deposition Discovery.  [Dkt. 88.]   The

motion is fully briefed, and the Court held a hearing on the motion on October 2, 2025.  The

Court, being duly advised, **DENIES** the motion for the reasons set forth below.

**I. Background**

This case was filed on October 30, 2024.  [Dkt. 1.]  Pursuant to Federal Rule of Civil

Procedure 26, discovery opened on or before January 2, 2025, the date on which the parties filed

their proposed case management plans.  A case management plan was entered on January 8,

2025, which established a deadline for liability discovery of September 2, 2025, and a dispositive

motion deadline of September 30, 2025. [Dkt. 23.]  Shortly thereafter, the final pretrial

conference and jury trial were scheduled for July 30, 2026, and August 17, 2026, respectively.

Following a February 24, 2025, telephonic status conference, during which the parties

reported that they had not yet served any discovery, the Court ordered the parties to file a Joint

Report on the Status of Discovery on March 17, 2025, and every 28 days thereafter.  [Dkt. 32.]

The Court does not require such reports in every case, but rather orders them in cases that appear to require extra monitoring by the Court in order for them to proceed in a timely manner.

During a March 19, 2025, status conference, Plaintiff's counsel reported that he intended to depose Defendant Paige Bova Kervan and non-party Kelvin Burrell prior to the settlement conference that was scheduled for June 27, 2025.[1]  Both of these witnesses were listed on both Plaintiff's and Defendants' preliminary witness lists, which were filed on January 21, 2025, [Dkt. 27], and January 28, 2025, [Dkt. 29].  Plaintiff's intention to depose these individuals was reiterated in the Joint Status Report filed on May 12, 2025, [Dkt. 45].  In the following Joint Status Report, dated June 9, 2025, the parties reported:

> Plaintiff intends to depose Paige Bova Kervan, Kelvin Burrell, and (potentially) Godwin King. Plaintiff Counsel contacted Mr. Rayman via email on May 9, 2025, requesting a meeting to discuss using portions of Mr. Burrell's deposition transcript from the Davis 1 matter in lieu of re-deposing him in the instant litigation.  The Parties will discuss using portions of Mr. Burrell's deposition transcript from the Davis 1 matter during the June 10, 2025, meeting.

[Dkt. 50 at 2.]  The next Joint Status Report, which was filed on July 22, 2025, stated that "Plaintiff has asked for a bank of dates when Paige Bova, Mary Dozier, and Kelvin Burrell are available to be deposed."  [Dkt. 59 at 5.]  Plaintiff states in her reply in support of the instant motion that she requested the deposition dates on July 21, 2025.  [Dkt. 91 at 5.]  Plaintiff further states that when Defendants were not forthcoming with proposed dates, she issued deposition notices on August 13, 2025, scheduling Bova Kernan's deposition for August 20, 2025, and Burrell's deposition for August 25, 2025.  Plaintiff further explains:

> It was five days after receiving the Notices of Deposition on August 18, 2025, that Defense counsel contacted Plaintiff [sic] counsel informing him that neither deponents would be available on the scheduled dates of August 20 or August 25, 2025.  Realizing that the depositions could not be accomplished by the discovery

---

[1] On the parties' motion, the settlement conference was later vacated, as the parties chose to utilize a private mediator.  [Dkt. 48.]

deadline of September 2, 2025, Defense counsel informed Plaintiff [sic] counsel that he would move for a sixty-day extension of discovery deadline so that he could complete his own discovery, including possibly deposing Plaintiff which he had not yet done and perhaps submit a set of Requests for Admission to Plaintiff. Plaintiff [sic] counsel agreed with Defense counsel's plan of action.

[Dkt. 91 at 5-6] (citation omitted).

On August 28, 2025, Defendants filed an Unopposed Motion to Extend Discovery and Dispositive Motion Deadlines. [Dkt. 69.] Defendants correctly noted in their motion that the Court had "previously cautioned the Parties that it would not be inclined to extend case management deadlines, specifically noting the deadline to complete liability discovery." *Id.* at 1. Defendants argued in their motion that certain positions taken by Plaintiff regarding her discovery responses had necessitated a motion to compel and had thus led to a delay in obtaining discovery. This delay, they argued, constituted good cause for a 62-day extension of the liability discovery deadline, which would, of course, have required a commensurate extension of the dispositive motion deadline.

On September 2, 2025, the Court issued an order denying the motion, finding that Defendant had not demonstrated good cause for the requested extension. [Dkt. 70.] However, "because the current trial date will allow a shorter enlargement of the current deadlines," *id.* at 4, the Court *sua sponte* extended the liability discovery deadline to October 10, 2025, and the dispositive motion deadline to November 3, 2025. Thus, the liability discovery deadline was extended by 38 days, rather than the 62 days requested by Defendants.

The depositions of Burrell and Bova Kernan took place on September 16, 2025.

## II. Discussion

In the instant motion, Plaintiff seeks to extend the discovery deadline, which is October 10, 2025, and, at least by implication, the dispositive motion deadline and the trial date, because

she learned information during the September 16, 2025 depositions that made her want to pursue follow-up discovery, including written discovery and likely additional depositions.

Case management plan deadlines may be modified for "good cause." "'In making a Rule 16(b) good-cause determination, the primary consideration for district courts is the diligence of the party seeking amendment.'" *Adebiyi v. S. Suburban Coll.*, 98 F.4th 886, 895 (7th Cir. 2024) (quoting *Alioto v. Town of Lisbon*, 651 F.3d 715, 720 (7th Cir. 2011); *see also Trustmark Ins. Co. v. General & Cologne Life Re of Am.*, 424 F.3d 542, 553 (7th Cir. 2005) ("'Rule 16's "good cause" standard primarily considers the diligence of the party seeking'" the modification.) (quoting *Johnson v. Mammoth Recreations, Inc*., 975 F.2d 604, 609 (9th Cir. 1992)).   As the court in *Johnson* elaborated:

> The district court may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension." Fed.R.Civ.P. 16 advisory committee's notes (1983 amendment); *Harrison Beverage Co. v. Dribeck Importers, Inc.,* 133 F.R.D. 463, 469 (D.N.J. 1990); *Amcast Indus. Corp. v. Detrex Corp.,* 132 F.R.D. 213, 217 (N.D. Ind. 1990); *Forstmann,* 114 F.R.D. at 85; 6A Wright, Miller & Kane, *Federal Practice and Procedure* § 1522.1 at 231 (2d ed. 1990) ("good cause" means scheduling deadlines cannot be met despite party's diligence). . . .   Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification. *See Gestetner Corp. v. Case Equip. Co.,* 108 F.R.D. 138, 141 (D. Me. 1985). If that party was not diligent, the inquiry should end.

975 F.2d at 609.

Plaintiff's request for more time to conduct discovery arises from her own lack of diligence and therefore she has not shown good cause to extend the discovery deadline.  Plaintiff asserts that the fact that her desire to extend the deadlines was prompted by depositions that took place on September 16, 2025, constitutes good cause.  It does not.  It is hardly unusual for a deposition to suggest additional avenues of discovery.  The original discovery period in this case was 243 days long.  That was ample time to schedule depositions early enough to permit any

follow-up discovery to occur prior to the deadline. Plaintiff simply failed to do so. Plaintiff attempts to blame the situation she finds herself in on the fact that Defendants did not respond promptly to her request for deposition dates. But that request was made on July 21, 2025. Even if Defendants had responded **the same day** and offered a date fourteen days out—which would have been the earliest date Plaintiff could have anticipated, given that it is the minimum amount of notice a party is entitled to, *see* Local Rule 30-1(d)—the depositions would not have taken place until August 4, 2025. The liability discovery deadline was September 2, 2025, which is 29 days from August 4, 2025. Plaintiff did not give herself enough time to schedule and conduct the depositions and then serve any necessary follow-up discovery thirty days prior to the discovery deadline, regardless of how quickly Defendants responded to her request.

At the hearing, Plaintiff's counsel stated that he acted on the assumption that the Court would grant the unopposed motion for a 62-day extension of the discovery deadline. It is unclear why Plaintiff's counsel would have so assumed, given that, as noted above, the motion itself recited that the Court had "previously cautioned the Parties that it would not be inclined to extend case management deadlines, specifically noting the deadline to complete liability discovery." *Id.* at 1. The Court routinely denies unopposed requests to extend deadlines when those requests are not based on good cause, especially where, as here, they would disrupt a trial setting. But putting that aside, as noted above, the discussion of Defendant moving to extend the deadlines took place on **August 18, 2025**, well after Plaintiff failed to start the process of scheduling the depositions in a timely manner.

Plaintiff has provided absolutely no reason why she did not seek to conduct the depositions of Burrell and Bova Kernan in March 2025, April 2025, May 2025, June 2025, or July 2025. Had she done so, she would have had ample time to conduct follow-up discovery,

5

even if the Court had not extended the discovery period. Her failure to do so constitutes a lack of diligence that leads the Court, in its discretion, to conclude that there is no good cause to grant the relief Plaintiff seeks in the instant motion. *See Ruiz v. Reynolds*, 2025 WL 926452, at *2 (7th Cir. Mar. 27, 2025) ("[T]he decision to grant or deny a motion to extend discovery is within the court's broad discretion over case management.") (citing *Flint v. City of Belvidere*, 791 F.3d 764, 768 (7th Cir. 2015)); *see also Helping Hand Caregivers, Ltd. v. Darden Restaurants, Inc.*, 900 F.3d 884, 891 (7th Cir. 2018) (citations omitted) ("We consistently have upheld the district court's discretion to manage its cases and control discovery . . . .").

Plaintiff argues in her reply brief that "[l]egal disputes should be resolved on the merits as borne out by truthful facts" and that denying her the discovery she seeks would impede "the search for the truth" in this case. [Dkt. 91 at 1.] The search for truth is important, of course, which is why the parties were given eight months in this case to conduct discovery. But

> case management depends on enforceable deadlines, and discovery "must have an end point." *Stevo v. Frasor*, 662 F.3d 880, 886 (7th Cir. 2011). *See also Lock Realty Corp. IX v. U.S. Health, LP,* 707 F.3d 764, 772 (7th Cir. 2013). In managing their caseloads, district courts are entitled to—"indeed they must— enforce deadlines." *Raymond v. Ameritech Corp.,* 442 F.3d 600, 605 (7th Cir. 2006) (internal citation and quotation marks omitted).

*Flint*, 791 F.3d at 768.

Finally, Plaintiff argues:

> Granting Plaintiff's Motion would actually save the Court time in the long run. This is because the material matters discussed here would very likely become a source of dispute in a summary judgment motion. Because of the dispute over this material issue, Plaintiff would likely move for leave to re-open discovery to uncover the truth of the matters in controversy, prolonging the litigation because the District Court Judge would have to rule on such motion.

[Dkt. 91 at 7.] Plaintiff should keep in mind that the Court's analysis in resolving the instant motion would apply equally to a Rule 56(d) motion. "As is true for most matters relating to

discovery, the district court has substantial discretion in ruling on a Rule 56(d) motion."

*Christensen v. Weiss*, 145 F.4th 743, 754 (7th Cir. 2025) (citation omitted).  Indeed, in

*Christensen*, the Seventh Circuit upheld the denial of a Rule 56(d) motion under circumstances

similar to those here:

> The district court identified several specific shortcomings with the Christensens'
> request. First, the Christensens did not communicate how Scott, Thayer, or
> Caldwell's depositions would help to defeat the summary judgment motion.[2]
> Second, the Christensens did not explain why they waited to depose Caldwell until
> June when they knew as early as April that they wanted to depose her.  Third, the
> Christensens did not explain why they waited until the eve of summary judgment
> to schedule Weiss's deposition, during which they later found out about Caldwell's
> role. In light of these specific and reasoned findings, we cannot say that the district
> court abused its discretion in denying the motion.

*Id.* at 754-44; *see also Helping Hand Caregivers,* 900 F.3d at 891 (citations omitted) ("Where

the failure to secure discovery is due to a party's own lack of diligence, the district court can in

its discretion hold the party to the consequences of its choice and decide the summary judgment

motion.").  In fact, the primary purpose of scheduling the liability discovery deadline in the Case

Management Plan for a date prior to the dispositive motion deadline is to avoid the filing of a

Rule 56(d) motion, since all discovery relevant to the summary judgment motion must be

completed before that motion is filed.

### III.  Conclusion

Plaintiff had more than enough time to depose Bova Kernan and Burrell and then conduct

any follow-up discovery within the discovery period in this case.  In fact, counsel for Plaintiff

repeatedly advised the Court that he planned to conduct those depositions prior to the end of June

---

[2] Obviously, it remains to be seen whether Plaintiff could make this showing in a Rule 56(d)
motion in this case, but nothing in *Christensen* or Seventh Circuit jurisprudence suggests that all
three of the reasons cited in *Christensen* were necessary for the district court to exercise its
discretion to deny the motion.

2025. Plaintiff simply did not do so. Because it was Plaintiff's lack of diligence in staging her discovery in this case that has led to her current predicament, the Court, in its discretion, declines to disrupt the dispositive motions and trial schedule in this case to rescue Plaintiff. Accordingly, Plaintiff's Motion for Leave to Conduct Limited Additional Written Discovery and Subsequent Oral Deposition Discovery, [Dkt. 88], is **DENIED**.

      SO ORDERED.

Dated:  6 OCT 2025

                                      Mark J. Dinsmore
                                      United States Magistrate Judge
                                      Southern District of Indiana

Distribution:

Service will be made electronically
on all ECF-registered counsel of record via
email generated by the Court's ECF system.