UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| YVONNE L DAVIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:24-cv-01918-JRS-MJD |
| | ) |
| MARION COUNTY SUPERIOR COURT | ) |
| JUVENILE DETENTION CENTER, et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER**

This matter is before the Court on Plaintiff's Motion for Leave to Conduct Additional Discovery to Respond to Defendants' Motion for Summary Judgment and Stay of Proceediings [sic] Until Plaintiff's Motion Is Decided. [Dkt. 108.] For the reasons set forth below, the motion is **GRANTED IN PART** and **DENIED IN PART**.

Plaintiff brings this motion pursuant to Federal Rule of Civil Procedure 56(d), seeking leave to conduct additional discovery before being required to respond to Defendants' summary judgment motion. Liability discovery in this matter closed on October 10, 2025. [Dkt. 70 at 4.] Rule 56(d) is not a license to thwart discovery deadlines. *See generally Christensen v. Weiss, 145 F.4th 743, 754-55 (7th Cir. 2025).* Rather, in order to be entitled to relief under Rule 56(d), Plaintiff would have to demonstrate that she had good cause for not conducting the discovery at issue prior to that deadline. The Court already has determined that she did not and explained the reasons for that determination at length in its Order denying Plaintiff's Motion for Leave to Conduct Limited Additional Written Discovery and Subsequent Oral Deposition Discovery, [Dkt. 93]; Plaintiff did not file an objection to that Order. In the interests of judicial economy, the

Court will not repeat itself, but rather incorporates that Order herein in its entirety.  Plaintiff was not entitled to belatedly conduct the discovery she seeks at the time that Order was issued, and she is not entitled to do so now.[1]  Accordingly, the Court, in its discretion, **DENIES** Plaintiff's motion to the extent that it seeks leave to conduct additional discovery.

Plaintiff also "respectfully requests the Court stay the proceedings for the [time] it takes for the Court to rule on Plaintiff's Motion." [Dkt. 108 at 1.]  The Court **GRANTS** this request.  Plaintiff's motion has been pending for five days; accordingly, Plaintiff's deadline to respond to Defendants' motion for summary judgment is extended from December 15, 2025 to **December 22, 2025**.  Paragraph IV(C) of the approved Case Management Plan as amended [Dkts. 23 & 70] is amended as follows:

> C. Defendants shall file any dispositive motion on or before **November 3, 2025**; Plaintiff shall respond to Defendants' dispositive motion, and shall include any cross-dispositive motion, on or before **December 22, 2025**; Defendants shall respond to Plaintiff's cross-dispositive motion, and shall include any reply in support of Defendants' dispositive motion, on or before **January 20, 2026**; Plaintiff shall file any reply in support of her cross-dispositive motion on or before **February 3, 2026**. If Plaintiff does not file a cross-dispositive motion, Defendants shall file any reply in support of their dispositive motion on or before **January 12, 2026**.

All other requirements of the approved Case Management Plan as amended [Dkts. 23 & 70] remain in effect.

SO ORDERED.

Dated:  15 DEC 2025

_____
Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

---

[1] Plaintiff argues that "[a] denial of Plaintiff's right to obtain evidence to support her opposition to Defendants [sic] Motion for Summary Judgment amounts to a fundamental denial of due process." [Dkt. 108 at 5.]  However, "[t]he enforcement of procedural deadlines does not violate due process.  Indeed, '[c]ourts cannot operate without setting and enforcing deadlines.'"  *Dakaj v. Holder*, 580 F.3d 479, 484 (7th Cir. 2009) (quoting *Gross v. Town of Cicero, Ill.*, 528 F.3d 498, 499-500 (7th Cir. 2008)).

Distribution:

Service will be made electronically on all ECF-registered counsel of record via email generated by the Court's ECF system.

Case 1:24-cv-01918-JRS-MJD    Document 110    Filed 12/15/25    Page 3 of 3 PageID #: 813